UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVER GRYPHON, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-695 |
| | § | |
| BANK OF AMERICA NA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Bank of America, N.A. ("BOA"), motion for summary judgment and brief in support (Dkt. No. 11). The plaintiff, Silver Gryphon, L.L.C. (the "plaintiff"), has filed a response (Dkt No. 12) and BOA has filed a reply (Dkt. No. 13). After having carefully reviewed the motion, the response, the record, and the applicable law, the Court determines that BOA's motion for summary judgment should be GRANTED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 14, 2005, Brittne Fleming executed a promissory note (the "Note") in the amount of $117,562.00 in addition to a deed of trust granting a first lien security interest in the real property located at 12707 Boheme Drive No. 416, Houston, Texas 77024 (the "Property"). The deed of trust expressly authorizes Mortgage Electronic Registration Systems, Inc. ("MERS") to act as the beneficiary, as nominee for the original lender, Pulte Mortgage, L.L.C. ("Pulte"), its successors and assigns. The Deed of Trust also states that MERS has the right to exercise any and all rights of interests granted by the borrower and authorizes it "to foreclose and sell the Property; and to take any action required of [the] Lender." (Dkt. No. 11, Ex. C.)

On April 3, 2012, Memorial Bend Owners Association, Inc. (the "Association") conducted a Trustee's Sale, during which the plaintiff purchased the Property for $4,800.00. The applicable declaration of covenant codes and restrictions subordinates the Association's lien to mortgages or deeds of trust. Accordingly, the lien secured by the purchase money Deed of Trust remained superior to the Association's assessment lien. Thus, the plaintiff acquired possession of the Property subject to the Deed of Trust. The plaintiff does not contest the validity of the Deed of Trust or the inferiority of its interest in the Property.

On January 4, 2013, MERS assigned its interest in the Deed of Trust to BOA by instrument recorded with the county clerk's office. Subsequent to MER's assignment, BOA initiated foreclosure proceedings with respect to the Property. On March 4, 2013, the plaintiff initiated the instant action in the 113th Judicial District Court of Harris County, Texas seeking a declaratory judgment regarding BOA's interest in the Property as well as a temporary restraining order and injunction restraining and enjoining BOA from foreclosing on the Property. On March 4, 2013, the state court granted the plaintiff a temporary restraining order enjoining BOA's foreclosure efforts. On March 12, 2013, BOA removed the case to this Court on the basis of diversity jurisdiction. BOA now moves for a summary judgment on the plaintiff's claims.

## III.   CONTENTIONS OF THE PARTIES

### A.   BOA's Contentions

BOA contends that no genuine issues of material fact exist regarding its superior Deed of Trust lien against the subject Property and its authority to foreclose on the Property. First, BOA contends that it is both the record assignee of the Deed of Trust and the holder of the Note which has properly been indorsed. Next, it argues that the plaintiff, a stranger to the loan transaction, is not a party to the Note, Deed of Trust or any assignment thereof and, as such, lacks standing to

pursue the instant action. BOA maintains that Texas law is well-settled and clearly provides that the plaintiff, as a junior lien holder, is not entitled to personal notice of a foreclosure sale where, as here, it is not the named mortgagee in the Deed of Trust. Finally, BOA avers that the plaintiff's show-me-the-note theory has been consistently rejected by Texas courts and should be rejected by this Court. Accordingly, BOA argues that because the plaintiff has failed to present a viable substantive cause of action, its claims for declaratory and/or injunctive relief also fail as a matter of law.

### B. The Plaintiff's Contentions

The plaintiff, in its response in opposition to BOA's motion, objects to BOA's summary judgment evidence. Specifically, it contends that the affidavit of Patricia Van Voorhees ("Voorhees"), BOA's Assistant Vice President, is hearsay and violates the best evidence rule. The plaintiff, in opposition, argues that it, as a third party with an interest in the affected real property, has standing to file an action to quiet title and to determine the validity of other liens against the property. It contends that a person whose rights are affected by a contract which also affects real property may seek declaratory relief to determine the validity of the contract even though it is not a party to the contract. It maintains that an action to remove a cloud from title exists to remove from his title "any unlawful hindrance having the appearance of a better right." It further avers that MERS had no authority to assign the Deed of Trust to BOA, and thus, BOA is not a lienholder. Lastly, it argues that because it has title to the property, it is entitled to personal notice of foreclosure of the Property, removal of any cloud on its title, and declaratory and injunctive relief.

## IV.  SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."

*American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52, (1986)).

## V.   ANALYSIS AND DISCUSSION

### A. The Plaintiff's Objections to BOA's Summary Judgment Evidence

As a threshold matter, the plaintiff objects to BOA's summary judgment evidence. Specifically, it insinuates that the affidavit of Patricia Van Voorhees, BOA's Assistant Vice President, is inadmissible to establish the ownership and validity of the Note. It maintains that the affidavit attached to a copy of the Note is hearsay and violates the best evidence rule. This

Court disagrees. Under Texas law, a note may be properly authenticated by producing a copy of it, and attaching it to an affidavit where the affiant avers that the copy is a true and correct copy of the original. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 254 (5th Cir. 2013) (citing *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ)). This is precisely the type of evidence that BOA has furnished in this case. Therefore, the plaintiff's objections are overruled.

### B. BOA's Authority to Foreclose

The plaintiff argues that BOA has no authority to foreclose because it "is not and was not the owner and holder of the Note." (Dkt. No. 1, ¶ 9.). It maintains that because the Note was not indorsed to BOA, BOA does not validly hold the Note or have the authority to enforce it. *Id.* This theory is commonly referred to as the "show-me-the note" theory. *See Martins*, 722 F.3d at 249; *Casterline v. OneWest Bank*, *F.S.B.*, No. 13-40067, 2013 WL 3868011, at *1 (5th Cir. July 3, 2013); *Chance v. CitiMortgage, Inc.*, 395 S.W.3d 311, 315 (Tex. App.—Dallas 2013, no pet.); *Bierwirth v. BAC Home Loan Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, at *3 (Tex. App.—Austin August 30, 2012, no pet.). "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing L.P.,* No. W–10–CA–00350, 2011 WL 2163987, at * 2 (W.D. Tex. Apr. 26, 2011) (citation and internal quotation marks omitted). "Numerous federal district courts have addressed this [theory], and each has concluded that Texas recognizes assignment of mortgages through MERS and its equivalents as valid and enforceable without production of the original, signed note." *Martins*, 722 F.3d at 253. Consequently, courts in the Fifth Circuit "have roundly rejected this theory and dismissed [such] claims, because foreclosure statutes simply do not require possession or production of the

original note. The "show me the note" theory fares no better under Texas law." *Id.* (internal citations omitted).

In this case, MERS is the original beneficiary of the Deed of Trust, which provides that it has the right to exercise any and all rights of interests granted by the borrower, including, but not limited to, the right "to foreclose and sell the Property." (*See* Dkt. No. 11, Ex. C.). MERS is also a recognized book entry system and, as such, is a mortgagee as the term is defined in the Texas Property Code. *See Campbell v. Mortg. Elec. Reg. Sys., Inc.*, No. 03-11-00429-CV, 2012 WL 1839357, * 4 (Tex. App.-Austin 2012, pet. denied)). The summary judgment evidence presented here demonstrates that MERS validly assigned its beneficial interests under the Deed of Trust to BOA. As "the last person to whom the security interest has been assigned of record," BOA is also a mortgagee authorized to foreclose under the Texas Property Code. *See* Tex. Prop. Code § 51.0001(4)(C). Further, BOA has produced an authenticated copy of the Note showing a complete chain of endorsements, starting with the original Lender and ending with a blank endorsement, establishing that it is also the mortgage servicer for the subject Note and Deed of Trust. Hence, BOA is authorized to foreclose under the Texas Property Code for this additional reason.

Finally, the plaintiff makes a last-ditch effort to invalidate the Assignment by insinuating that MERS's assignment of the Deed of Trust to BOA was ineffective as MERS had no authority to transfer either the Note or the Deed of Trust. However, this Court finds that the plaintiff has no standing to contest the Assignment because it was not a party to it. Moreover, even if the plaintiff could establish that it has standing to exert such a challenge, the Court finds its allegations to be without merit because MERS was specifically given the authority to make such a transfer in the Deed of Trust. Based on the record evidence, the Court finds that the plaintiff

has failed to point to or provide any controverting evidence creating a genuine issue of fact regarding BOA's authority and/or standing to foreclose on the Property and thus, BOA is entitled to judgment as a matter of law.[1]

### C. The Plaintiff's Entitlement to Notice of Foreclosure

The plaintiff alleges that its rights as the owner of the Property include receiving notice of foreclosure, or alternatively, that it is entitled to notice because BOA knew of its purchase of the Property. The Court finds the plaintiff's arguments unpersuasive.

It is well-established under Texas law that "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust." *American Sav. & Loan Ass'n of Hous. v. Musick*, 531 S.W.2d 581, 588 (Tex. 1975). This principle applies even when the mortgagee knows of an intervening purchaser. *See Rodriguez v. Ocwen Loan Servicing, LLC*, No. 08-20128, 2009 WL 101941, *2 (5th Cir. Jan. 14, 2009) (quoting *Casstevens v. Smith*, 269 S.W.3d 222, 229 - 30 (Tex. App.—Texarkana 2008, no pet. h.) (finding that notice of foreclosure proceedings must be given "to the parties named on the requisite documents as the debtors and not to other parties, *known* or *unknown*"). In *Rodriguez v. Ocwen Loan Servicing, LLC*, for instance, the Fifth Circuit held that even if the mortgagee or mortgage servicer knew of an intervening purchaser's interest in the subject property, Texas law imposed no requirement for it to provide notice of foreclosure to the intervening purchaser. *Id.*; *see also Lawson v. Gibbs*, 591 S.W.2d 292, 295 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (reasoning that a bank's knowledge of an intervening purchaser would not have imposed a legal duty on the bank to give notice of the sale to said purchaser).

---

[1] The Plaintiff relies on *Nueces* to argue that MERS has no authority to assign the Note or the Deed. However, *Nueces* addressed whether MERS could list itself as a secured party, not whether MERS could validly assign a note to another party. *See Nueces*, 2013 WL 3353948, at *6 – 7, 12. Had the plaintiff filed a fraudulent misrepresentation claim against MERS, this would have been proper authority on which to rely.

Additionally, the Texas Property Code does not require that the plaintiff be given personal notice of the foreclosure sale because it is neither "a debtor in default" with regard to the Deed of Trust nor has it alleged that it is a "debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *See* Tex. Prop. Code § 51.002(d) (requiring that notice of default and right to cure be sent to "a debtor in default" under an instrument securing real property); *see also* Tex. Prop. Code § 51.002(b)(3) (requiring that notice of sale be provided "by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt").

Furthermore, the plaintiff has failed to establish that it is entitled to such notice as a "Successor in Interest" to the borrower by virtue of its purchase of the Property. It is undisputed that the rights and obligations of the deed holder are determined solely by the terms of the Deed of Trust and applicable laws and regulations. *DTND Sierra Investments LLC v. Bank of Am., N.A.*, 871 F. Supp.2d 567, 578 (W.D. Tex. 2012). Here, the Deed of Trust contains specific provisions detailing the rights of a purchaser or transferee of the Property. Particularly, it defines a "Successor in Interest of Borrower" to include "any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument." (Dkt. No. 11, Ex. C, Definitions (R).) It further provides that "any Successor in Interest of Borrower *who assumes Borrower's obligations under this Security Agreement in writing, and is approved by the Lender*, shall obtain all of Borrower's rights and benefits under this Security Instrument." (*Id.* at ¶ 13) (emphasis added). There are no other provisions in the Deed of Trust that appear to grant any rights to a Successor in Interest of the Borrower. Since the plaintiff has failed to establish that it assumed the Borrower's obligations under the Deed of Trust in writing or that it was approved by the Lender such that it would have acquired the

Borrower's rights, it has failed to demonstrate that it was entitled to receive any notice pursuant to the Deed of Trust. Thus, the plaintiff's claim premised on its purported right to receive personal notice of foreclosure fails as a matter of law.

### D. The Plaintiff's Claim to Remove Cloud from Title

A claim to remove cloud from title also referred to as a suit to clear or quiet title "'enable[s] the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, No. 12-20623, 2013 WL 2422778, at *1 (5th Cir. June 4, 2013) (quoting *Bell v. Ott*, 606 S.W.2d 942, 952 (Tex. App.-Waco 1980, writ ref'd. n.r.e.) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (Tex. 1886)). Such an action "relies on the invalidity of the defendant's claim to the property." *Morlock*, 2013 WL 2422778, at *1 (quoting *Essex Crane Rental Corp. v. Carter,* 371 S.W.3d 366, 388 (Tex. App.-Houston [1st Dist.] 2012, pet. denied)). As a consequence, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Essex Crane*, 371 S.W.3d at 388 (quoting *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009, pet. denied).

In order to prevail on a claim to remove cloud from title or to quiet title, a plaintiff is required to demonstrate that: (1) it has an interest in the property; (2) title to the property is impaired by the defendant's claim; and (3) the defendant's claim, while facially valid, is unenforceable. *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp.2d 747, 766 (N.D. Tex. 2012). "To quiet title in [its] favor, [a] plaintiff 'must allege right, title, or ownership in [itself] with sufficient certainty to enable the court to see [it] has a right of ownership that will warrant judicial interference.'" *Wells v. BAC Home Loans Servicing, L.P.,* No. W–10–CA–00350, 2011 WL 2163987, at *4 (W.D. Tex. April 26, 2011) (quoting *Wright v. Matthews,* 26 S.W.3d 575,

10 / 13

578 (Tex. App.- Beaumont 2000, pet. denied)). "In other words, the plaintiff must recover on the strength of [its] title, not the weakness of [its] adversary's [title]." *Wells*, 2011 WL 2163987, at *4 (citing *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App. – Corpus Christi 2001, no pet.).

Here, the plaintiff's claim to remove cloud from title or to quiet title fails to allege any facts establishing the superiority of its title in relation to the Deed of Trust. In fact, the plaintiff neither contests the validity of the Deed of Trust nor suggests that its own interest is superior to the Deed of Trust. Rather, it merely attempts to challenge the validity of the assignment of the Deed of Trust from MERS to BOA by making the following bare assertions: (1) "the authenticity of [the assignment], especially in the age of "robosigning" is highly questionable"; (2) "[i]t is also highly questionable as to the authority of MERS to sign any document in this case"; and (3) "MERS cannot transfer the Note or any note or lien." Because the plaintiff does not dispute the Deed of Trust's validity or otherwise claim title superior to that of BOA or MERS, it has failed to demonstrate a genuine issue of material fact that its title to the Property is superior to that of BOA. Accordingly, BOA is entitled to judgment as a matter of law on the plaintiff's claim to remove cloud from title or to quiet title. *See Fricks*, 45 S.W.3d at 327.

### E. The Plaintiff's Claims for Declaratory and Injunctive Relief

"When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of Am. Home Loan Servicing L.P.,* No. 4:11–cv–02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (citing 28 U.S.C. §§ 2201, 2202). The Declaratory Judgment Act does not create any substantive rights or causes of action, but rather is a procedural mechanism that permits a party to obtain an early adjudication of an action where a justiciable controversy exists. *See Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 57 S. Ct. 461, 463, 81 L.

Ed. 617 (1937); *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1177 n.4 (5th Cir. 1984). In order for a court to grant declaratory relief, there must be a "substantial and continuing controversy between two adverse parties" and "a substantial likelihood that [the plaintiff] will suffer injury in the future." *Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003).

Here, the plaintiff "seeks a judgment which determines whether [BOA] has any interest in the Property and whether BOA has any right to foreclose the Deed of Trust lien." (Dkt. No. 1, p. 3). Its requested declarations are based on its theories regarding MERS's assignment to BOA, BOA's possession of the Note, and the authenticity of the Note and/or Deed of Trust. Nevertheless, the undisputed summary judgment record establishes the following: (1) the plaintiff acquired title to the property at a junior lien foreclosure sale, subjecting it to a first lien Deed of Trust; (2) BOA is the record assignee of the first lien Deed of Trust; (3) BOA possesses the duly indorsed original Note; (4) the plaintiff is neither a party to the Deed of Trust nor an *assuming* "Successor-in-Interest of Borrower" as the term is defined in the Deed of Trust; and (5) there is no requirement under Texas law that personal notice of foreclosure proceedings be given to purchasers such as the plaintiff. Since this Court has determined that all of the plaintiff's accompanying claims fail and are insufficient to give rise to a genuine controversy between the parties, the plaintiff's request for declaratory relief is denied.

Likewise, the plaintiff's request for injunctive relief is also denied. Under Texas law, a request for injunctive relief is fatally flawed and fails to state a claim for relief in the absence of an underlying viable cause of action supporting the entry of a judgment. *See Jones v. Deutsche Bank Nat. Trust Co.*, No. 3:12-CV-3929-L, 2013 WL 3455716, at *11 (N.D. Tex. July 9, 2013). Because the plaintiff's substantive causes of action fail, BOA is entitled to a judgment as a matter of law on the plaintiff's claim for injunctive relief.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, BOA's motion for summary judgment is GRANTED.

It is so **ORDERED**.

SIGNED on this 27th day of November, 2013.

　　　　　　　　　　　　　　　　　　Kenneth M. Hoyt
　　　　　　　　　　　　　　　　　　United States District Judge